UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| AGRO EXIM ALPARI, S.A. de C.V., and JAVIER PANIAGUA, Plaintiffs, <br><br> v. <br><br> MICHAEL W. SURRATT INC. and SUN VALLEY PECAN COMPANY, INC. Defendants. | § § § § § § § § § § | CASE NO. 19-235 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs Agro Exim Alpari, S.A. de C.V. (AEA) and Javier Paniagua bring this breach of contract and conversion suit against Defendants Michael W. Surratt Inc. and Sun Valley Pecan Company, Inc. and show the following:

### I.
### Parties

1. Plaintiff Agro Exim Alpari, S.A de C.V is a private company registered under the laws of Mexico and has a principal place of business in Delicias, Chihuahua, Mexico.

2. Plaintiff Javier Paniagua is an individual, citizen and resident of Mexico.

3. Defendant Michael W. Surratt, Inc. is a Texas corporation with its principal office in Fabens, El Paso County, Texas, and may be served with process through its registered agent, Michael W. Surratt, at 11209 Armour Drive, El Paso, Texas 79935-4801, or wherever it may be found.

4. Defendant Sun Valley Pecan Company is a Texas corporation with its principal office in Fabens, El Paso County, Texas, and may be served with process through its registered agent, Michael Surratt, at 17600 Middle Island Road, Fabens, Texas 79838, or wherever it may be found.

## II.
## Jurisdiction and Venue

5. This court has diversity jurisdiction in this case under Section 1332(a)(2) of 28 U.S.C. because Plaintiffs AEA and Paniagua are citizens or subjects of a foreign state and Defendants Surratt and Sun Valley are citizens of Texas. Further, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

6. Venue in this Court is proper under Section 1391(b)(1)-(2) of 28 U.S.C. because (1) both Surratt and Sun Valley are subject to this Court's personal jurisdiction with respect to this action, and (2) a substantial part of the events or omissions (namely, the defendants' breach of contract and conversion) giving rise to the plaintiffs' claims occurred in this judicial district.

## III.
## Facts

7. Defendants Michael W. Surratt Inc., and Sun Valley Pecan Company, Inc. (collectively, "Sun Valley") own and operate the Sun Valley Pecan Company in Fabens, El Paso County, Texas. According to its website, Sun Valley shells and packages millions of pounds of pecans every year, including nuts from its "own 650 acre farm or from local farmers . . . in a true state-of-the-art facility." Further, Sun Valley asserts that it "produces every size from Fancy Mammoth halves to Fancy Small pieces, along with Choice halves, pieces and meal" and typically harvests between October and December each year. Then, most of its "pecans are contracted January through March, and delivered during the remainder of the year[,]" though it also makes spot sales available. Sun Valley's operations apparently run "24 hours a day, 12 months a year" and sells pecans in "14 countries, from food service suppliers to grocery stores, ingredient users, bakeries, and restaurants."

8. AEA's principal business is in brokering massive amounts of pecans between Mexican growers and shelling operations in Texas, including Sun Valley. Sun Valley and AEA have a long-standing relationship, having done business together for well over a decade.

9. The parties have a simple business arrangement. AEA delivers pecans to Sun Valley, which then must pay the full price of the delivered merchandise within 30 days from the date of delivery. The parties handle their business on an open account, an arrangement that has prevailed over the years of their relationship.

10. Plaintiff Javier Paniagua, an employee of AEA, handles Sun Valley's account. Paniagua has a separate agreement with Sun Valley that entitles him to receive a commission of $.02 per pound for the pecans delivered. This arrangement is standard within the pecan industry, and has been in place between Paniagua and Sun Valley for decades. This commission arrangement has been repeatedly acknowledged by Sun Valley.

11. In November through December 2018, in accordance with their long-standing practice, AEA delivered to Sun Valley 1,427,107 pounds of pecans at the cost of $3,151,079.55. Sun Valley, however, has failed to pay this invoice, and after accounting for the offsets it is entitled to because of previous payments on the account, Sun Valley still owes AEA $560,000[1]. Sun Valley has admitted that it owes this amount to AEA, but it has also indicated that it does not have sufficient funds to fulfill its payment obligation.

12. Over time, Sun Valley has also failed to pay Paniagua his commissions. Since 2010 – 2011, the amount of unpaid commissions has risen to $362,777.24. Sun Valley has acknowledged the outstanding amount of this commission, and the parties have made a specific agreement or agreements acknowledging and ratifying the indebtedness for the commissions such that those commissions remain due and owing at the present time.

---

[1] The recap of such account is attached hereto as Ex A.

## IV.
## Breach of Contract – AEA

13. Sun Valley is liable to AEA for breach the contract between them. The parties had a valid contract that AEA performed and Sun Valley breached, which resulted in damages to AEA. *See Sanders Oil & Gas GP, LLC* v. Ridgeway Elec., 479 S.W.3d 293, 299–300 (Tex. App.—El Paso 2015, no pet.),

14. More specifically, the parties agreed that AEA would deliver pecans to Sun Valley and Sun Valley would pay for those pecans within 30 days of receipt. AEA delivered shipments of pecans in November through December 2018, and Sun Valley has failed to make timely payment to AEA. As a result, AEA has lost $560,000 that is entitled to recover in these proceedings.

## V.
## Breach of Contract – Javier Paniagua

15. Sun Valley is further liable to Paniagua individually for failure to pay his commission. Sun Valley and Paniagua had an agreement whereby Sun Valley would pay Paniagua $.02 per pound for pecans that he caused to be shipped to Sun Valley. The total pounds so shipped is 27,259,410 resulting in a commission owned of $545,148.31. Just prior to this suit being filed, Sun Valley made a partial payment of such commission by paying Paniagua $182,371.07.[2] This leaves the total commission owned to Paniagua as $362,777.24

## VI.
## Conversion – AEA

16. Sun Valley is liable for conversion because it has wrongfully exercised dominion or control over AEA's pecans inconsistent with AEA's rights in those pecans. *See Robinson v. Nat'l Autotech, Inc.*, 117 S.W.3d 37, 39 (Tex. App.—Dallas 2003, pet. denied). AEA was in legal possession

---

[2] Sun Valley admits such commission owed in the attached exhibit B prepared by Sun Valley and recently submitted to Paniagua. However, Sun Valley also claims an offset of $227, 553.07 on the total commission owed. These offsets are totally disputed in this matter by Paniagua.

of the pecans, but by taking possession of the shipment without making payment, Sun Valley has illegally assumed ownership of the pecans. *Id.* at 40.

## VII.
## Application Writ of Sequestration

17. AEA and Paniagua seek a Writ of Sequestration under Federal Rule of Civil Procedure 64. Fed. R. Civ. P. 64. ("[T]hroughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."). Sequestration is an available remedy under Federal Rule of Civil Procedure 64(b).

18. As relevant here, Chapter 62 of the Texas Civil Practice and Remedies Code allows for writs of sequestration to be granted on personal property when "the suit is for . . . possession of personal property . . . and a reasonable conclusion may be drawn that there is immediate danger that the defendant or the party in possession of the property will conceal, dispose of, ill-treat, waste, or destroy the property or remove it from the county during the suit." Tex. Civ. Prac. & Rem. Code § 62.001(1).

19. Sun Valley is currently in possession of hundreds of thousands of pounds of AEA's pecans that it has not paid for. Given Sun Valley's apparent cash flow issues, it is likely that it will attempt to sell these pecans quickly, especially with a new harvest season approaching. Was Sun Valley has indicated, however, is that it has insufficient funds to pay AEA and Paniagua, though the reason remains unclear at this time. There is certainly a risk that Sun Valley will dispose of the pecans without paying AEA or Paniagua, thus AEA is better off keeping the pecans and selling them to a different sheller, making sequestration of those nuts proper.

20. AEA will supplement with an affidavit providing the specific facts stating the nature of the plaintiff's claim, the amount in controversy, and the facts justifying issuance of the writ. Upon

doing so, AEA requests the Court order the Federal Marshalls office to take possession of the pecans at issue, and to keep same subject to further orders of this Court unless it is lawfully replevied.

## VIII.
## Constructive Trust – AEA and Paniagua

21. Further, AEA and Paniagua request the Court impose a constructive trust on Sun Valley's entire pecan inventory because that inventory was purchased in whole or in part with monies owed to AEA and Paniagua. The proceeds of those funds should be impressed with a constructive trust in order that justice may be done, and to avoid further harm to AEA and Paniagua.

## IX.
## Attorneys' Fees

22. AEA and Paniagua have been forced to hire the undersigned attorneys to seek damages as a result of Sun Valley's failure to comply with its contracts. AEA and Paniagua are therefore entitled to and seek judgment against Sun Valley for the reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided both by the contract signed by Sun Valley and Chapter 38 of the Texas Civil Practice and Remedies Code. AEA and Paniagua seek an award of attorneys' fees as a further obligation to the contract, not as a money judgment.

## X.
## Prayer

Therefore, Plaintiffs request that the Defendants be cited to appear and answer herein; upon final trial hereof, the Plaintiffs have their damages, plus attorneys' fees, plus interest on all amounts due, plus costs of court and other and further relief to which the Plaintiffs may show themselves justly entitled.

Respectfully submitted,

BRANSCOMB, PLLC
8023 Vantage Dr., Ste. 560
San Antonio, Texas  78230
Tel: (210) 598-5400
Fax: (210) 598-5405

By:_____
       Joe M. Davis
       State Bar No. 05520350
       jdavis@branscomblaw.com
       Clint Buck
       State Bar No. 24078280
       cbuck@branscomblaw.com

Daniel S. Gonzalez
State Bar No. 24010724
Attorney at Law
909 E. Rio Grande Ave.
El Paso, Texas  79902
Tel: (915) 533-6393
Fax: (915) 5334188
E-Mail: daniel@dgonzalezlaw.com

***Attorneys for Plaintiffs***
***Agro Exim Alpari SA de CV***
***and Javier Paniagua***

# **VERIFICATION**

STATE OF TEXAS         §
                       §
COUNTY OF BEXAR        §

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Plaintiff Javier Paniagua, Director of Agro Exim Alpari SA de CV of Delicia, Chih., Mexico, who, being by me duly sworn on oath, stated the facts stated in Plaintiff's Original Complaint are within his personal knowledge and are true and correct.

_____
JAVIER PANIAGUA

    SWORN AND SUBSCRIBED TO BEFORE ME, on this 12th day of August, 2019, to certify which witness my hand and official seal.

_____
Notary Public in and for
The State of Texas

SANDRA F LEE
ID# 352323-5
Notary Public
STATE OF TEXAS
My Comm. Exp. 06-30-2023